Filed 7/17/26  In re C.M. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re C.M., a Person Coming Under the Juvenile Court Law. | B344503 |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>C.M.,<br><br>    Defendant and Appellant. | (Los Angeles County Super. Ct. No. LB0677A) |

APPEAL from orders of the Superior Court of Los Angeles County, John C. Lawson, II, Judge.  Conditionally reversed and remanded.

Tonja R. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

The juvenile court adjudged minor C.M. a ward of the court and placed C.M. at home on probation after the court sustained an allegation that C.M. had committed the offense of being a minor in possession of a firearm.  (Pen. Code, § 29610.)  C.M. does not challenge the evidence supporting the court's jurisdictional or dispositional findings.  He instead contends, and the People concede, that he received insufficient notice of his eligibility for a deferred entry of judgment (DEJ), and that the trial court failed to conduct a DEJ suitability hearing.  (Welf. & Inst. Code,[1] § 790 et seq.)  We conditionally reverse the juvenile court's jurisdictional and dispositional orders and remand the matter to the juvenile court for further proceedings.

## FACTS

### A.    *Prosecution*

Long Beach Police Officer Jacob Clavesilla testified that in the afternoon on November 26, 2024, he and his partner were driving in a marked squad car when he observed C.M. standing in an alleyway with another person.  Both people were wearing heavy black clothing, ski masks, and black hooded sweatshirts with the hoods up.  When the officers started to approach them, they turned away evasively.  The officers circled to the other end of the alley to cut the two off.  C.M. and his companion ran.  C.M. was holding his waistband as he ran. C.M. pulled an object that resembled a gun from his waistband and threw it over a wall.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

The officers detained C.M.  Another officer searched the other side of the wall and discovered a loaded firearm.  Officer Clavesilla and his partner arrested C.M.  In custody, C.M. stated, " 'All I did was find a blower.' "

## B.    *Defense*

C.M. testified that the person he was with was not a friend. The person had asked him for directions.  C.M. was showing the person where to go when the person looked back and started running.  C.M. ran too because he thought that a dog might be chasing them.  He did not know police were behind him when the other person started running.

C.M. denied that he had or threw a firearm.  He denied saying that he "found a blower."  C.M. was not wearing the ski mask over his face.  He was using it to cover his hair.  He had his hood up because it was chilly outside.

## PROCEEDINGS

On December 2, 2024, the prosecutor filed a petition pursuant to section 602 alleging that minor C.M. was unlawfully in possession of a handgun.  (Pen. Code, § 29610.)  The prosecutor concurrently filed a JV-750 form that indicated C.M. was eligible for DEJ; however, there was no declaration of personal service on C.M. or his parents attached.  The prosecutor did not check the box on the form JV-750 indicating that a form JV-751 was attached.

Also on December 2, 2024, the prosecutor filed a form JV-751, but it contained only the file stamp, C.M.'s name, and the

3

case number.  The form was otherwise blank, and there was no indication that the form was served on C.M. or his parents, or that C.M. or his parents were otherwise notified of C.M.'s DEJ eligibility.

On February 24, 2025, the juvenile court held a contested adjudication hearing.  The court amended the petition to accurately reflect C.M.'s date of birth.[2]  The court did not consider C.M.'s suitability for DEJ at the hearing.  The court sustained the petition and declared the offense a felony.  The court declared C.M. a ward of the court and placed him at home on probation, with certain terms and conditions.  No one mentioned DEJ until after the adjudication.  C.M.'s counsel asked the court if it would "consider [section] 790."  The court stated that because the case had gone to trial it was "off the table."  The court then questioned C.M. and his parents regarding C.M.'s grades and how he was doing at home.  They reported that his grades were good and there were no problems.  The court noted that there was nothing regarding gang activity in C.M.'s file.  The court explained that C.M. was being placed on probation and told him "hopefully you do well, and [this] will be a bad memory."

C.M. timely appealed.

## DISCUSSION

### A.    *Legal Principles*

Section 790, subdivision (a), provides that "whenever a case is before the juvenile court for a determination of whether a minor is a person described in Section 602 because of the

_____

[2] C.M. was 14 years old at the time of the hearing.

4

commission of a felony offense" the minor may be eligible for DEJ when the following conditions are met:

"(1) The minor has not previously been declared to be a ward of the court for the commission of a felony offense.

"(2) The offense charged is not one of the offenses enumerated in subdivision (b) of Section 707.

"(3) The minor has not previously been committed to the custody of the Department of Corrections and Rehabilitation, Division of Juvenile Facilities.

"(4) The minor's record does not indicate that probation has ever been revoked without being completed.

"(5) The minor is at least 14 years of age at the time of the hearing.

"(6) The minor is eligible for probation pursuant to Section 1203.06 of the Penal Code.

"(7) The offense charged is not [one of several listed sexual offenses]."

Under section 790, subdivision (b), "[t]he prosecuting attorney shall review their file to determine whether or not paragraphs (1) to (7), inclusive, of subdivision (a) apply. If the minor is found eligible for deferred entry of judgment, the prosecuting attorney shall file a declaration in writing with the court or state for the record the grounds upon which the determination is based, and shall make this information available to the minor and their attorney." "The form designed for this purpose is a form JV–750, the completion of which requires the prosecutor to indicate findings as to the eligibility requirements by checking, or not checking, corresponding boxes. (Cal. Rules of Court, rule 5.800(b).)" (*In re C.W.* (2012) 208 Cal.App.4th 654, 659 (*C.W.*).) If the prosecuting attorney finds

the minor eligible for DEJ, the attorney provides notice to the minor and the minor's parent or guardian utilizing a form JV-751. (*Ibid.*) The attorney attaches the form JV-751 to the form JV-750 and checks the box on the JV-750 indicating that the form JV-751 is attached. (*Ibid.*)

The California Rules of Court impose additional notice requirements, including that "[t]he [juvenile] court must issue *Citation and Written Notification for Deferred Entry of Judgment—Juvenile* (form JV–751) to [a] child's custodial parent, guardian, or foster parent" and stating the form "must be personally served on the custodial adult at least 24 hours before the time set for the appearance hearing." (Cal. Rules of Court, rule 5.800(c); *In re Trenton D.* (2015) 242 Cal.App.4th 1319, 1324 (*Trenton D.*) [finding no indication that a form JV–751 was "properly served" and noting rule 5.800(c)'s service requirements].)

"Upon a finding that the minor is also suitable for deferred entry of judgment and would benefit from education, treatment, and rehabilitation efforts, the court may grant deferred entry of judgment." (§ 790, subd. (b).) "While [a juvenile] court retains discretion to deny DEJ to an eligible minor, the duty of the prosecuting attorney to assess the eligibility of the minor for DEJ and furnish notice with the petition is mandatory, as is the duty of the juvenile court to either summarily grant DEJ or examine the record, conduct a hearing, and make 'the final determination regarding education, treatment, and rehabilitation . . . .' " (*In re Luis B.* (2006) 142 Cal.App.4th 1117, 1123.) "The court is not required to ultimately grant DEJ, but is required to at least follow specified procedures and exercise discretion to reach a final determination once the mandatory threshold eligibility

6

determination is made." (*Ibid*.; accord, *In re D.L.* (2012) 206 Cal.App.4th 1240, 1243–1244.)

## B.    *Analysis*

The presumption that a minor was properly notified of their DEJ eligibility by either the prosecutor or the court may be rebutted by the record.  (See *C.W.*, *supra*, 208 Cal.App.4th at p. 661.)  We agree with the parties that the prosecutor did not serve C.M. with the mandatory notice of his DEJ eligibility.  The facts in this case are analogous to those in *C.W.*, *supra*, 208 Cal.App.4th 654, and *Trenton D.*, *supra*, 242 Cal.App.4th 1319.)

In *C.W.*, the court held that where the prosecuting attorney neglected to check the box on the form JV-750 indicating that a form JV-751 was attached, there was no form JV-751 in the record, there was no evidence that the juvenile court served the minor or her parents with a form JV-751, and nothing in the record indicated that DEJ was mentioned at the hearing, the presumption of proper notice was rebutted.  (*C.W.*, *supra*, 208 Cal.App.4th at pp. 660–661.)  In *Trenton D.*, the appellate court deemed notice insufficient because although the prosecutor filed the first page of the "Citation and Written Notification for Deferred Entry of Judgment—Juvenile" form, the first page of the form omitted any information about a scheduled hearing to consider minor's suitability for DEJ, there was no evidence that the form was properly served, and there was no discussion at the arraignment hearing about the possibility of DEJ.  (*Trenton D.*, *supra*, 242 Cal.App.4th at p. 1326.)  The *Trenton D.* court noted "unfortunate similarities" with *C.W.* and held that "where, as here, the minor is not properly notified of DEJ procedures, the

7

juvenile court may not fail to consider the minor's suitability."
(*Id*. at p. 1325.)

C.M.'s case has similar deficiencies. There was no check mark in the appropriate box on the filed form JV-750 indicating that form JV-751 was attached. Although the form JV-751 was also filed, it bore no information beyond C.M.'s name and the case number. There is no indication that C.M. or C.M.'s parents were personally served with the form JV-750 or the form JV-751. Finally, at the hearing, the juvenile court did not consider C.M.'s suitability for DEJ, and there was no mention of DEJ until after the case had been adjudicated. When counsel did raise the possibility, it was referred to briefly and only by section number.

Under these circumstances, we agree with the parties that the record rebuts the presumption that C.M. was properly notified by either the prosecutor or the court of his eligibility for DEJ, and that the trial court failed to hold a suitability hearing as required.

## DISPOSITION

The juvenile court's adjudication and disposition orders are conditionally reversed. The case is remanded to the court for further proceedings in compliance with Welfare and Institutions Code section 790 et seq. and California Rules of Court, rule 5.800. After giving proper notice under the statutes and rule, the court shall consider C.M.'s suitability for DEJ based on the record as it existed at the start of the February 24, 2025, adjudication hearing. If the court grants DEJ to C.M., the court shall enter an order stating its prior adjudication and disposition orders are vacated and shall thereafter proceed in accordance with Welfare and Institutions Code section 790 et seq. and California Rules of

Court, rule 5.800.  If C.M. is found unsuitable for DEJ, the court shall reinstate the adjudication and disposition orders challenged in this appeal, subject to C.M.'s right to have the denial of DEJ reviewed on appeal.

NOT TO BE PUBLISHED.


MOOR, J.

WE CONCUR:


BAKER, Acting P. J.


KIM (D.), J.